IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

INTEGRATED ARCHITECTURE, LLC,

       Plaintiff,      Case No. 3:09 CV 1696

 -vs-

                 <u>MEMORANDUM  OPINION</u>

NEW HEIGHTS GYMNASTICS, LLC,
etc., et al.,

       Defendant.

KATZ, J.

   This matter is before the Court on the motion of Defendants, New Heights Gymnastics, LLC ("New Heights") and Edward Nyman, for summary judgment (Doc. 38). Plaintiff, Integrated Architecture, LLC ("Integrated"), has filed a response (Doc. 40), to which Defendants have filed a reply (Doc. 41). The motion will be granted in part and denied in part.

**I. Background**

   New Heights is a limited liability company that teaches gymnastics, cheerleading, dance, karate, and sports to children. It is located in Wauseon, Ohio. Amy Nyman is an owner and the general manager of New Heights; her husband, Edward Nyman, was employed as the Director of Operations.

   In spring 2006, New Heights began exploring options to expand its facility. Mr. Nyman was given primary responsibility for overseeing this endeavor In fall 2007, New Heights selected Integrated to provide architectural services on the project. Georgina Paul, a senior project manager at Integrated, was assigned to oversee and manage the expansion. Integrated initiated work on the project in October 2007, and sent a proposed contract to New Heights in November 2007, requesting execution of the proposed contract and payment of a retainer fee.

New Heights did not execute the contract or pay the retainer. Integrated nevertheless commenced work on the project, preparing schematic design drawings. Mr. Nyman notified Integrated via email correspondence in November 2007 that New Heights had reduced its budget for the project from approximately $3.75 million to $2.9 million, and asked that Integrated reduce its fee. In response, Integrated agreed to a lower fee.

Meanwhile, New Heights sought financing for its expansion from a number of banks and private investors. Integrated was aware that New Heights was seeking, but had not yet obtained, financing for its project. Mr. Nyman indicated to Integrated that New Heights would execute the proposed contract with Integrated as soon as financing had been obtained. In January 2008, representatives of Integrated met with Mr. Nyman and several owners of New Heights at the New Heights facility. At this meeting, the parties negotiated the size of the project and Integrated's fees. Around this time, Integrated delivered a set of design drawings and cost projections to New Heights.

Later that month, Integrated told New Heights that it could not continue its work on the project without a signed contract and payment from New Heights. After months of effort, New Heights was unable to obtain financing for its expansion. It informed Integrated on April 11, 2008 that the project would not be going forward. By letter dated April 21, 2008, Integrated requested that New Heights pay their outstanding balance of $43, 196. New Heights did not pay, and that same month Integrated filed a mechanic's lien against New Heights's property, alleging it was owed $44,936 and that it last worked on the project on February 2, 2008. In October 2008, Integrated filed a "Corrected Affidavit for Mechanic's Lien" alleging that it had last worked on the project on February 29, 2008.

**II. Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; see also *Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

3

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).  However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; see also *Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**III. Discussion**

*A. Claims Against Edward Nyman*

Plaintiff brings claims against Edward Nyman for breach of contract, breach of the obligation of good faith and fair dealing, and unjust enrichment.  In moving for summary judgment, Defendants contend that the claims against Mr. Nyman must be dismissed because there is no genuine dispute that Mr. Nyman was acting at all times relevant hereto as an agent of New Heights, a limited liability company.

Under Ohio Rev. Code § 1705.48, "[t]he debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts obligations,

4

and liabilities of the limited liability company." Section 1705.48 goes on to state that "[n]either the members of the limited liability company nor any managers of the limited liability company are personally liable to satisfy any judgment, decree, or order of a court for, or are personally liable to satisfy in any other manner, a debt, obligation, or liability of the company solely by reason of being a member of manager of the limited liability company."

The evidence in the record reveals no material dispute that Mr. Nyman was acting within the scope of his employment as New Heights's Director of Operations at all times relevant to this litigation, and that Integrated was aware of this fact. Moreover, while Mr. Nyman may not have received approval to enter into a contract with Integrated before financing was secured, the record is clear that he in fact had authority to enter into contracts on behalf of New Heights, and that Integrated was not misled on this point. Therefore, Defendants' motion for summary judgment is granted as to the claims against Mr. Nyman in his individual capacity.

### *B. Breach of the Obligation of Good Faith and Fair Dealing*

Defendants argue that Plaintiff's claims for breach of the obligation of good faith and fair dealing be dismissed, because this is not a claim upon which relief can be granted. The Court agrees.

Under Ohio law, 'breach of the obligation of good faith and fair dealing' is not an independent cause of action distinct from a breach of contract claim. "Parties to a contract are bound toward one another by standards of good faith and fair dealing. However, this does not stand for the proposition that breach of good faith exists as a separate claim. Instead, good faith is part of a contract claim and does not stand alone." *Pappas v. Ippolito*, 177 Ohio App.3d 625,642

5

(2008) (internal quotation marks and citation omitted). Thus, a duty of good faith is implied in the contract itself, but does not furnish the basis for additional claims.

Plaintiff's claims for breach of the duty of good faith and fair dealing are therefore dismissed.

***C. Breach of Contract***

Defendants seek summary judgment in their favor on Plaintiff's claims for breach of contract. They contend that they never executed a written contract with Plaintiff. See Ohio Administrative Code § 4703-3-09 ("A registered architect or architectural firm is required to use a written contract when providing professional services. Such contract between the registered architect and the client shall be executed prior to the registered architect commencing work on any project."). In response, Plaintiff contends that § 4703-3-09 does not provide a defense to a breach of contract action.

There is no dispute that New Heights never executed a written contract with Plaintiff. Plaintiff does not put forward any other theory that would support its breach of contract claim, as opposed to its unjust enrichment claim. Indeed, the evidence indicates that New Heights was aware of the proposed written contract prepared by Plaintiff, but told Plaintiff it would not execute a contract until it had secured financing. Under these circumstances, there is insufficient evidence supporting Plaintiff's breach of contract claim to survive summary judgment.

***D. Amount in Controversy***

Defendants contend that the Court lacks subject matter jurisdiction because the amount in controversy is less than $75,000.

"In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990). Further, "[w]hen determining whether the amount in controversy has been satisfied, we examine the complaint at the time it was filed," because "[j]urisdiction, once established, cannot be destroyed by a subsequent change in events." *Id*. Thus, "even if part of the claim is dismissed on a motion for summary judgment, thereby reducing plaintiff's claim below the requisite amount, the court retains jurisdiction to adjudicate the balance of the claim." *Id*. (quoting 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3702 (1985)).

In this case, Plaintiff claimed damages of over $75,000 in the Complaint. Defendants have failed to show, to a legal certainty, that Plaintiff was never entitled to recover over $75,000 in this action. See, *e.g.*, Doc. 40, Exh. 3. Therefore, the Court retains jurisdiction.

### *E. Mechanic's Lien*

Defendants contend that the mechanic's lien filed by Plaintiff against New Heights's property is invalid, because an architect is not entitled to a lien under Ohio law simply for preparing plans and specifications of a building.

This argument is well-taken. It is not disputed that Plaintiff's lien was based solely on the preparation of architectural drawings and plans, and that Plaintiff did not supervise or in any other way contribute to physical improvements on New Heights's property. See Doc. 40 at 8. Therefore, Plaintiff is not entitled to a mechanic's lien on the property. See *Kline v. Fed. Ins. Co.*, 152 N.E. 2d 911, 913 (Ohio C.P. 1958) ("An architect is entitled to a lien for supervising construction, but he is not entitled to a lien for drawing plans and specifications."); *Robert V.*

7

*Clapp Co. v. Fox*, 124 Ohio St. 331, 341 (1931) (same). Therefore, the Court will dismiss Plaintiff's action to foreclose its mechanic's lien (Count I of the Complaint).

The Court will not grant summary judgment on New Heights's counterclaim for slander of title relating to the mechanic's lien. To prevail on a slander of title claim, the claimant must prove that "(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard for its falsity; and (4) the statement caused actual or special damages." *McClure v. Fischer Attached Homes*, 882 N.E.2d 61, 70 (Ohio C.P. 2007) (internal quotation marks omitted). Defendants have not submitted argument on the latter two elements: that the statement was made with malice or reckless disregard for its falsity, and the existence of actual or special damages. Thus, they have failed to show the absence of a genuine issue of material fact on their counterclaim.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motion for summary judgment (Doc. 38) in part and denies it in part. The motion is granted as to Plaintiff's claims to foreclose the mechanic's lien (Count I), for breach of contract (Count II), and breach of the obligation of good faith and fair dealing (Count III), and these claims are dismissed. The motion is also granted as to all claims against Edward Nyman, and he is dismissed as a defendant in this action.

The motion is denied insofar as Defendants seek summary judgment on New Heights's counterclaim for slander of title, and dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

   s/ *David A. Katz*  
DAVID A. KATZ  
U. S. DISTRICT JUDGE