IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

INTEGRATED ARCHITECTURE, LLC,

       Plaintiff,    Case No. 3:09 CV 1696

 -vs-

               MEMORANDUM OPINION
NEW HEIGHTS GYMNASTICS, LLC,   AND ORDER
etc., et al.,

       Defendant.

KATZ, J.

  This matter is before the Court on the motion of Plaintiff, Integrated Architecture, LLC, for reconsideration (Doc. 44) of those portions of this Court's memorandum opinion (Doc. 42) dismissing its breach of contract claim on summary judgment. Defendant, New Heights Gymnastics, LLC, has filed a memorandum in opposition (Doc. 46) to Plaintiff's motion for reconsideration, to which Plaintiff has filed a reply (Doc. 47). The motion for reconsideration will be denied.

**I. Standard of Review**

  The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to allow the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, three major situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to consider newly discovered evidence; or (3) to prevent a clear error of law or a manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178

F.3d 804, 834 (6th Cir.1999). Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir.2007) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Rather, a motion to alter or amend is proper only if it calls to the Court's attention "an argument or controlling authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2nd 573, 634 (N.D. Ohio 2003).

## II. Discussion

"Under Ohio law, the elements for breach of contract are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *MMK Group, LLC v. SheShells Co., LLC*, 591 F.Supp.2d 944, 963 (N.D. Ohio 2008). "To prove the existence of a valid contract, the plaintiff must prove all the essential elements of a contract, including an offer, acceptance, the manifestation of mutual assent, and 'consideration (the bargained for legal benefit and/or detriment).'" *Id*. (quoting *Kostelnik v. Helper*, 96 Ohio St. 3d 1, 3 (1991)). "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc.*, 314 F.Supp.2d 763, 769 (N.D. Ohio 2004).

In its summary judgment motion, Defendant Integrated Architecture moved to dismiss Plaintiff's breach of contract claim, because that claim was based on a written contract that was not signed. Defendant cited Ohio Administrative Code § 4703-3-09, which provides: "A registered architect or architectural firm is required to use a written contract when providing

2

professional services. Such contract between the registered architect and the client shall be executed prior to the registered architect commencing work on any project."

In response, Plaintiff argued that this provision is inapplicable, both because it does not provide a defense to a breach of contract action, and because Plaintiff did in fact use "use a written contract," just not one that was signed by Defendant. Plaintiff asserted that it "performed extensive work in reliance on that contract and at the direction of Mr. Nyman," but did not provide citation or put forward any theory indicating how Defendant manifested its assent to the proposed contract. Indeed, the evidence in the record indicates that Defendant expressed misgivings about material terms contained in the contract, and said that it would not sign the contract until it had obtained financing. Therefore, the Court held:

> There is no dispute that New Heights never executed a written contract with Plaintiff. Plaintiff does not put forward any other theory that would support its breach of contract claim, as opposed to its unjust enrichment claim. Indeed, the evidence indicates that New Heights was aware of the proposed written contract prepared by Plaintiff, but told Plaintiff it would not execute a contract until it had secured financing. Under these circumstances, there is insufficient evidence supporting Plaintiff's breach of contract claim to survive summary judgment.

(Doc. 42 at 5).

Plaintiff now argues that the Court should reconsider its decision. It contends that the Court improperly shifted the burden to the non-moving party by failing to give it the benefit of the doubt on disputed issues of contractual intent, and by failing to consider its theories of oral and implied contract. But Plaintiff put forward no such theories in its response to the Defendant's summary judgment motion. Contrary to Plaintiff's assertions, this Court did not dismiss its breach of contract claim because it believed that Plaintiff could not pursue both a breach of contract and

3

unjust enrichment claim, or because it believed that a written contract must necessarily be signed to be enforceable.

Rather, the Court dismissed Plaintiff's breach of contract claim because Plaintiff had not directed the Court to any material in the record that would create a genuine issue of material fact as to whether there was "a meeting of the minds as to the essential terms" of the proposed written contract. The record reveals ongoing negotiations between the parties over several months regarding the proposed written contract, but no "manifestation of mutual assent" or "meeting of the minds" on its essential terms. Thus, the evidence appears undisputed that Defendant never provided its "unequivocal acceptance" of the essential terms of the written contract, *Youngstown Steel Erecting Co. v. McDonald Engineering Co.*, 154 F.Supp. 337, 339 (N.D. Ohio 1957), regardless of its indication that it would agree to a written contract if and when it obtained financing.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 44) is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE